JOSÉ MARÍA GIRÁU SOTO, Plaintiff and Appellant, v. AMÉRICA GONZÁLEZ, Defendant and Appellee.

No. 10512. Argued January 2, 1952.—Decided April 29, 1952.

E. Pérez Casalduc for appellant. Antonio Reyes Delgado for appellee.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

In this civil action plaintiff prayed that defendant be ordered, either to put plaintiff in the material possession of a particular property and pay him the rental due, or, in the alternative, if he wished to recover the ownership of said property to pay him $4,000 and the accrued rent. In partially sustaining the complaint in the second alternative of his prayer, the court a quo made the following findings of fact:

394

"1. On February 4, 1946 Mr. Regino Rivera and his wife executed in favor of plaintiff José María Giráu, by deed No. 30, before Notary J. Córdova Rivera, a so-called sale contract with a right of redemption on the following property: (Property described.)

"2. Mr. Regino Rivera took possession of the property and paid plaintiff the monthly rental of FORTY DOLLARS ($40) during five months and thereafter THIRTY DOLLARS ($30).

"3. On May 18, 1948 by deed No. 117, before Notary J. Córdova Rivera, José María Giráu Soto and his wife sold back to Regino Rivera the described property.

"4. On that same date and by deed No. 118 executed before the same Notary, Mr. Regino Rivera and his wife sold the described property to defendant América González.

"5. On that same date and by deed No. 119 also before Notary J. Córdova Rivera, América González sold to José María Giráu the described property for FOUR THOUSAND DOLLARS ($4,000), having agreed to a sale with right of redemption for a period of six months; defendant América González binding herself to pay in addition a monthly rental of THIRTY DOLLARS ($30), the vendor remaining in possession of said property. (See the second averment of deed No. 119, plaintiff's exhibit 1.)

"6. The term within which defendant ought to have exercised her right of redemption, but did not, expired on November 18, 1948. Notwithstanding, she continued in the possession of the property paying the monthly rental of $30 until December 1949. These payments were made by Pablo González, defendant's brother, who paid up to the amount of SIX HUNDRED DOLLARS ($600).

"7. The sale contract between Regino Rivera and América González (See Plaintiff's exhibit 4) was executed in the following manner:

"Pablo González owed his sister América $3,000. He owned a business called 'El Porvenir.' He made a transaction with Regino Rivera as to the property object of this suit, by virtue of which he gave him his restaurant business, worth $5,000. Upon the execution of the documents, the transaction was made in favor of América González in the manner appearing in plaintiff's exhibit 4, so as to secure the debt that her brother Pablo had contracted with her.

"8. The term within which Regino Rivera could avail himself of the right of redemption expired on February 4, 1948. Not-

withstanding, deed No. 117 (plaintiff's exhibit 3) was executed on May 18, 1948, whereby plaintiff sold him the aforesaid property for the amount of FOUR THOUSAND DOLLARS ($4,000) that is, (the same amount for which he had acquired said property).

"9. The property object of this suit is worth TEN THOUSAND DOLLARS ($10,000)."

In its conclusions of law, after citing § 1410 of the Civil Code, 1930 ed.,[1] the court set forth, among other things, the following:

"In the instant case, we have stated in the findings of fact, that Regino Rivera entered into the possession of the property; paid during five months a monthly rental of $40 and thereafter until the execution of the sale with right of redemption $30 monthly. Plaintiff José María Giráu, has never been in the material possession of said property. Said rentals constitute a device used by plaintiff to collect usurious interest from Regino Rivera. The price appearing in the contract as the price of alienation is a grossly inadequate sum. The transaction executed between plaintiff and Regino Rivera was never a sale contract with right of redemption, but a contract of loan with a mortgage on the property sold, and the sale with a right of redemption was but a means to facilitate plaintiff in the collection of usurious interests, denominating them as rents.

"2) The sale contract executed between plaintiff and defendant América González, is drafted more or less in the same terms, except that in the deed or instrument by which Mr. Regino Rivera and his wife sold the property to José María Giráu no rent was stipulated; while in the deed executed by América González in favor of Mr. José María Giráu the so-called rentals were stipulated.

---

[1] This Section provides:

"Section 1410.—In any of the following cases, sales of real estate on reversion shall be presumed to constitute a contract of loan for the amount of the price, with a mortgage on the property sold, as security:

"1. When the buyer fails to enter into material possession of the thing sold.

"2. When the vendor pays to the buyer interest on the selling price, though such interest may be called rental or otherwise.

"3. When a grossly inadequate sum appears in the contract, as the price of alienation."

"At this time José María Giráu did not enter into the material possession of the property either; América González paid interest denominated rent, and in the case of América González a grossly inadequate sum also appeared in the contract as the selling price. The contract executed by Mrs. América González in favor of Mr. Regino Rivera (*sic* , for it ought to say José María Giráu) was also a contract of loan with a mortgage on the property sold, and the interests paid by Mrs. América González are also usurious.

"3) An Act to fix a legal rate of interest on all obligations, approved on March 1, 1902, amended by Act No. 5 of August 17, 1933, in its first Section and insofar as pertinent provides:

" '*Provided, however,* That no rate of interest shall be fixed by special agreement in excess of nine (9) dollars a year on each one hundred (100) dollars or upon its equivalent in value, when the capital the object of the loan or of the agreement does not exceed three thousand (3,000) dollars, and eight (8) dollars a year on each one hundred (100) dollars when the capital passes said sum.'

"If we have concluded that América González paid $30 monthly, the interest paid by her was 9 per cent, that is, since the amount owed was $4,000, she was paying interest exceeding the legal rate. Plaintiff could only collect 8 per cent, the 9 per cent interest collected by him by virtue of the provisions of the Act constitutes usurious interest.

"4. Section 4 of said Act, subsequently amended by Act No. 47 of April 13, 1916 provides:

" 'No person except as authorized by section 3 of this Act, shall demand or receive, directly or indirectly any money or goods, at any greater rate of interest for the loan or extension of time of said loan, than the rate provided for herein. Nothing in this Act shall be taken to prohibit the sale of goods for cash at a less price than for credit.

"No contract wherein or whereby there is reserved, accepted or secured, or agreed to be accepted or secured any greater rate or interest than is allowed by this Act, may be made effective in any court in Porto Rico, except for the amount of the principal due; and the court must provide, furthermore, in the judgment directing the debtor to pay the principal, that the creditor shall recover only seventy-five per cent of said principal and that the remaining twenty-five per cent shall be awarded to and recovered by The People of Porto Rico, who may obtain a writ of execution,

in the same manner as the plaintiff, but without precedence over the amount awarded to the latter, to make effective the twenty-five per cent in that manner awarded.'

"The agreement or stipulation made by América González with plaintiff José María Giráu to pay $30 monthly under the name of rent and as interest, is void by operation of law plaintiff being precluded from recovering any amount of money as rent. Section 1069 of the Civil Code also provides that conditions forbidden by law, shall annul the obligation depending on them."

Consequently the court rendered judgment with the following pronouncements:

"1. That the transaction executed between plaintiff and defendant is a loan with a mortgage security.

"2. That the rentals paid by América González to plaintiff are interest in excess of the legal rate and that plaintiff can not collect said interest.

"3. That the amount due is Four Thousand Dollars ($4,000). That defendant América González is bound to pay plaintiff the amount of Three Thousand Dollars ($3,000), to which sum the amount of Six Hundred Dollars ($600) paid by her to plaintiff, must be credited and regarded as part payment of the principal, defendant being bound to pay the difference, that is, Two Thousand Four Hundred Dollars ($2,400).

"4. That the remaining One Thousand Dollars must be paid to the People of Puerto Rico as a penalty for violating the Usury Act.

"5. That plaintiff has been obstinate and has pretended to use the court for the collection of what is not permitted by law, whereby the court believes that he should be ordered to the payment of costs and attorney's fees and to pay the amount of Three Hundred Dollars ($300) as attorney's fees plus the costs and expenses which defendant has had in this suit."

Feeling aggrieved, plaintiff appealed and contends that the trial court erred (1) in classifying the contract executed between the parties as a loan of money with usurious interests and in applying the laws in force directed to make ineffective contracts of this nature and (2) in ordering plaintiff to pay defendant $300 as attorney's fees.

In arguing the first error appellant admits that the contract executed between Regino Rivera and him on February 4, 1946 violated the provisions of the Usury Act, cited by the lower court, and that Rivera could have raised successfully the defense of usury.

However, he contends that appellee can not invoke the nullity of said contract since the defense of usury may only be raised by the original debtor and not by a third person such as appellee, for the manner in which she acquired the immovable was tantamount to a novation of the contract executed between appellant and Regino Rivera.

Assuming without deciding that the contract between appellant and appellee was a novation of the original contract executed between appellant and Rivera, this fact did not prevent appellee from raising, as she did, the defense of usury, notwithstanding the provisions of § 1162 of the Civil Code, 1930 ed.[2] And this is so because, as we stated in *Caraballo* v. *Registrar*, 48 P.R.R. 902; *cf. Rosario* v. *Ruiz*, 62 P.R.R. 310, and now we hold here, no contract which violates the Usury Act may be enforced in any court in Puerto Rico, pursuant to § 4 as amended in 1916, *supra*, § 4 also providing that the rights in it defined "shall not be waived." Therefore, notwithstanding the provision of § 1162 of the Civil Code, *supra*, if the ground for nullity in the contract object of novation is predicated on the fact that it violates the Usury Act, the debtor is not prevented from invoking the nullity of said contract, and if it be shown, as it was done in the instant case, that appellant stipulated and collected usurious interest in the original contract executed with Rivera (and this is admitted by appellant in his brief) as well as in the one he entered into with appellee, the trial court did not err in

---

[2] This Section provides:

"Section 1162.—Novation is void if the original obligation is also so, unless the cause of nullity can be claimed by the debtor only, or the ratification gives validity to acts which were void in their origin."

enforcing the provisions of the Usury Act in the manner it did in its judgment.

 As to the second error assigned, we have repeatedly held that when it is found that the losing party has been obstinate it must pay attorney's fees. And we do not believe that in fixing the fees, the court abused its discretion in the instant case. *Collazo* v. *Conesa,* 70 P.R.R. 144; *Cerra* v. *Motta,* 70 P.R.R. 822; *Santiago* v. *González,* 71 P.R.R. 882; *Font* v. *Pastrana, ante,* p. 238.

Judgment will be affirmed.